IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEROME WALL                                                              PLAINTIFF

v.                                                                 No. 2:12CV207-A-A

DAVID WALKER, ET AL.                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Jerome Wall, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Jerome Wall was convicted in 1996 in Panola County Circuit Court for possession of marijuana and sentenced as a habitual offender to life imprisonment without the possibility of parole. He claims in the present case that his attorney was ineffective in failing to challenge the Tennessee convictions used to enhance his sentence under Mississippi's habitual offender statute. *See* MISS. CODE ANN. § 99-19-83. He believes that the convictions in Tennessee are not valid because, under Tennessee law, the trial court was required to impose the sentences consecutively, but instead imposed them concurrently. Thus, under Wall's theory, he received a lesser Tennessee sentence than he should have under the law. He claims that he has not been able to present the court with this claim because the Inmate Legal Assistance Program has not provided him with access to the authority in Tennessee for the last 26 years – and that he gained such access only recently.

**Three-Year Limitations Period**

The instant case should be dismissed for several reasons, the first of which is the three-year limitations period for § 1983 cases filed in Mississippi. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). Wall had been incarcerated for 26 years when he filed the instant suit. It appears that he has known about the issue at hand during that time. He has filed several cases, including a petition for a writ of *habeas corpus*, in this court during his incarceration. Though he claims that he did not have access to authority regarding Tennessee state law, he has had access to this court for decades. He could easily have sought relief in this court to request access to the legal materials he seeks, but he did not. Though dismissal under the statute of limitations is ordinarily an affirmative defense to be raised by the defendants in a case, the court may address the issue *sua sponte* when that defense if plain on the face of the pleadings. *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007). Given Wall's allegations, he filed the instant suit 23 years beyond the filing deadline. As such, the instant case should be dismissed as untimely filed.

*Heck*

The case must also be dismissed because, if successful, it would impugn his conviction. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas*

2

*corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, it is the court's conclusion that plaintiff's success in his claim for damages against the defendants in this case would necessarily draw into question the validity of his conviction or sentence. He alleges that his sentence of life without parole should be null and void because the convictions used to enhance his sentence were unlawful. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Plaintiff has made no such showing; therefore, this case will be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d). *Nusku v. Williams*, 490 U.S. 319, 326 (1989).

3

**The Plaintiff's Motion for a Temporary Restraining Order
or Preliminary Injunction must Be Denied**

In his motion for a temporary restraining order or preliminary injunction, Wall seeks placement in a cell with better lighting and a better writing surface so he may more easily draft legal documents for submission to the court. A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in

light of his argument as framed in the instant motion. Though his complaint of inadequate lighting and conditions for writing may state a claim, they do not constitute the extraordinary circumstances necessary to warrant emergency injunctive relief. Accordingly, plaintiff fails to demonstrate a substantial likelihood that he will prevail on his claim. The plaintiff's motion for a temporary restraining order or preliminary injunction will therefore be dismissed.

As a final note, the plaintiff claims that he should have been allowed to challenge the validity of his Tennessee sentences because they were more lenient than they should have been. As the plaintiff in that situation was helped, rather than harmed, he can show no damage from the purported misapplication of Tennessee law. As such, even if he had challenged the sentences, he could not have stated a valid claim for relief. The plaintiff's claims must also be dismissed for this reason.

In sum, all of the claims in the present case are without substantive merit, and this case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 18th day of April, 2013.

 /s/ Sharion Aycock  
 **U.S. DISTRICT JUDGE**